UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH D. DILLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through his counsel, and for his cause of action against Defendant alleges and avers as follows:

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Prior to the institution of this action, and more than six months ago, plaintiff filed his claim with the United States Department of Veterans Affairs as required by 28 U.S.C. § 2675(a). The Department of Veterans Affairs has failed to make a final disposition of the claim. Accordingly, plaintiff has elected to file suit in accordance with 28 U.S.C. § 2675.

3. Plaintiff Kenneth D. Dilley resides at 11818 Williams Street, Omaha, Nebraska 68144.

4. Defendant United States of America will be served through the United States Attorney General, Department of Justice, 10th and Pennsylvania Avenue, N.W., Washington, D.C. 20530, and

through the United States Attorney, Civil Process Clerk, 1620 Dodge Street, Suite 1400, Omaha, NE 68102.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because the cause of action arose within the District of Nebraska.

### General Allegations

6. At all times relevant to this action, Kenneth Dilley resided within the District of Nebraska.

7. At all times relevant herein, the defendant United States of America owned and operated the VA Nebraska Western Iowa Health Care System – Omaha Division (hereinafter referred to as Omaha VAMC).

8. At all times relevant to this action, the agents, servants, employees, and personnel of the defendant United States of America were acting within the course and scope of their employment in providing medical care and treatment to Kenneth Dilley, a veteran of the United States Air Force entitled to such care and treatment.

9. On June 1, 2004, plaintiff established his medical care at the Omaha VAMC. At this initial visit, plaintiff was seen in the primary care clinic. He reported that he had repeatedly seen blood from his rectum. The examining physician told plaintiff that the blood was likely coming from hemorrhoids or an anal fissure, although no evidence of either was found on examination.

10. Plaintiff returned to the Omaha VAMC on June 15, 2004. He told the physician's

assistant who examined him on this occasion that he was having a hard time passing stool, that he was suffering from abdominal pain, and that he had had more episodes of bright red blood coming from his rectum. Examination of the plaintiff's abdomen revealed the presence of pain in two different locations. No treatment was provided for Mr. Dilley's complaints. He was told to seek medical attention immediately if his abdominal pain became more severe.

11.   Plaintiff was next seen in the Omaha VAMC primary care clinic on July 15, 2004. He complained again of abdominal pain at this visit, as well as a 13-pound weight loss with corresponding loss of appetite. An ultrasound of plaintiff's abdomen was ordered for a later date.

12.   Plaintiff returned to the Omaha VAMC primary care clinic on September 1, 2004, at which time he again complained of intermittent abdominal pain. A barium enema was ordered, but was never performed. Plaintiff was referred to the Omaha VAMC GI (gastrointestinal) Clinic for an ultrasound finding of a fatty liver.

13.   On October 15, 2004, plaintiff called the Omaha VAMC and reported that he had "black chunks" in his stool. He was scheduled to be seen in the primary care clinic on October 29, 2004.

14.   On October 29, 2004, Mr. Dilley was seen in the Omaha VAMC primary care clinic. He reported severe abnormalities in his stool, including "black chunks" and something which he described as looking like "dark red jelly." He also was still experiencing abdominal pain. Plaintiff said that eating made his pain worse, and that he felt continuously bloated.

Examination revealed a distended abdomen with diffuse tenderness on palpation. A flexible sigmoidoscopy and EGD were ordered, but were not scheduled to be performed until January 12, 2005.

15. On November 15, 2004, plaintiff was seen in the Omaha VAMC GI clinic for evaluation of an ultrasound finding of a fatty liver. Mr. Dilley again reported disturbing stool changes and abdominal pain. As a result of these complaints, the existing order for a flexible sigmoidoscopy was changed to a colonoscopy. Stool card testing in the clinic on this date was positive for blood.

16. Plaintiff was seen in the Omaha VAMC primary care clinic on December 8, 2004. He reported numerous stool changes, including the presence of blood, jelly-like material, and at times black stool. Plaintiff also again described his abdominal pain. However, no treatment was provided.

17. Plaintiff's abdominal pain became markedly worse and constant on or about December 31, 2004. He went to the emergency room at the Omaha VAMC and was admitted for treatment. CT scans revealed an abnormal mass in the sigmoid colon. Mr. Dilley was taken to the operating room for emergency surgery, which ultimately included exploratory laparotomy, sigmoid colectomy, and end colostomy. A large inflammatory mass was found in the sigmoid colon, and there was obvious purulence contained within the mass. Pathology examined the sigmoid colon resection and found diverticulosis with diverticulitis and transmural inflammation with serositis (rupture). Plaintiff remained hospitalized until January 10, 2005, at which time he

4

was discharged home.

18. Since the events described above, plaintiff has gone on to experience numerous complications pertaining to his emergency colon surgery and perforated diverticula. He has required re-admission to the Omaha VAMC on multiple occasions and underwent various additional surgical procedures for problems which included obstruction, strictures, and a fistula which resulted in the drainage of fecal material through Mr. Dilley's abdominal wall. Although the colostomy was taken down in March of 2005, another colostomy had to be placed in late June 2005. In May 2006, plaintiff was admitted to the Omaha VAMC with a sigmoid stricture which required yet another surgical procedure. He has also undergone several colon dilation procedures due to strictures. In April 2007, Mr. Dilley was hospitalized twice for repair of an incisional hernia and a post-operative wound infection.

19. As of this time, plaintiff still has a colostomy and has been told that it is very unlikely that he will ever see a return of normal bowel function. He has also been told to expect to continue to suffer from periodic problems with obstruction.

20. In addition to having to wear a colostomy bag, plaintiff also suffers from severe and chronic abdominal pain, believed to be related to the adhesions he developed as a result of multiple surgeries. His abdomen is visibly distended at all times; his waist size has increased from a 34 to a 40, although he has lost weight overall.

## **NEGLIGENCE**

21. Plaintiff alleges that agents or employees of the United States of America at the

VA Nebraska Western Iowa Health Care System – Omaha Division deviated from appropriate standards of medical care in providing medical care and treatment to him in the following respects:

(a) Negligent failure to arrange for appropriate diagnostic tests and studies including, but not limited to, colonoscopy at any time prior to December 31, 2004;

(b) Negligent delay in diagnosing and providing appropriate medical treatment for diverticulosis, leading to a rupture and subsequent permanent colon damage;

(c) Negligent performance of surgical procedures on December 31, 2004;

(d) Negligent medical care in the months following the 12/31/04 surgery, leading to additional complications and surgical procedures, with resulting damage to plaintiff; and

(e) Committing other negligent acts or omissions in violation of the applicable standards of medical care.

## DAMAGES

22. As a direct and proximate result of the aforementioned acts of negligence, Kenneth Dilley has suffered damages, including the following:

(a) Severe physical pain, suffering, and discomfort;

(b) Severe emotional distress and mental anguish;

(c) Permanent disfigurement;

(d) Permanent disability;

(e) Future medical expenses;

(f) Income losses;

(g) Loss of enjoyment of life;

(h) Economic losses; and

(i) Other damages.

23. Plaintiff is seeking one million five hundred thousand dollars ($1,500,000) from the United States of America in compensation.

WHEREFORE, plaintiff asks this Court to enter judgment on his behalf against the defendant and to award him damages in the amount of one million five hundred thousand dollars ($1,500,000), and to award such other relief as is just and equitable under the circumstances.

Respectfully Submitted,

KENNETH D. DILLEY

By: /s/ Gene Summerlin

Gene Summerlin
Nebraska Bar No. 19611
Ogborn, Summerlin & Ogborn
610 J. Street, Suite 200
Lincoln, NE 68508
(402) 434-8040
(402) 434-8044 – Facsimile

Joseph P. Callahan
Virginia Bar No. 38056
Rawls & McNelis, P.C.
1111 East Main Street, Suite 1701
Richmond, VA 23219
(804) 344-0038
(804) 782-0133 – Facsimile